O

# United States District Court
# Central District of California

| | |
|---|---|
| THE STANDARD FABRICS INTERNATIONAL, INC., a California corporation,<br><br>             Plaintiff,<br><br>     v.<br><br>DRESS BARN INC., a Connecticut corporation; B&Y FASHION, INC., a California corporation; and DOES 1-10, inclusive,<br><br>             Defendants. | Case № 2:15-cv-08437-ODW (PJW)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [26] AND GRANTING PLAINTIFF'S APPLICATION TO FILE RECORDS UNDER SEAL [28]** |

## I.   INTRODUCTION

Plaintiff The Standard Fabrics International Incorporated moves for partial summary judgment against Defendants Dress Barn Incorporated and B&Y Fashion Incorporated on the issue of infringement in this fabric-related copyright case. (ECF No. 26.) Having considered the parties' submissions and heard oral argument, the Court **GRANTS** Plaintiff's motion as to infringement and the Defendants' defenses for failure to state a claim, latches, waiver, unclean hands, estoppel, lack of

originality, invalidity of copyright registration, limitations on relief, fair use, statute of limitations, copyright misuse, and litigation and settlement privileged. The Court **DENIES** summary judgment as to Defendants' "defenses" for failure to mitigate and innocent infringement, which relate to damages, an issue not addressed in the pending motion. The Court also **GRANTS** Plaintiff's application to file its business records under seal. (ECF No. 28.)

## II. FACTUAL BACKGROUND

Plaintiff is a California-based textile company that prides itself on original "trendy, fashion forward" fabric designs. (Zakaria Decl. ¶ 2, ECF No. 26.) Plaintiff either creates or acquires by contract the rights to each of the fabric designs that it offers. (*Id.*) At issue in this case is an "Aztec-style," "tribal" fabric design that Plaintiff acquired via contract from designer-for-hire Young Ae Rhee. (*Id.* ¶ 3.) After acquiring the art from Ae Rhee, Plaintiff formatted and finalized the art for textile applications. (*Id.*)

Plaintiff then registered the design with the U.S. Copyright Office (Reg. No. VA 1-853-810). (*Id.* ¶ 4.) The effective date for the copyright registration is March 18, 2013. (*Id.*) Plaintiff included the design in its Summer 2013 collection and has since sold 89,145 yards of fabric bearing the copyrighted design to a variety of customers "nationwide."[1] (*Id.* ¶¶ 4, 6.)

At some point in 2015, Plaintiff discovered that Defendant Dress Barn was selling blouses on its website featuring a substantially similar fabric design and purchased two blouses as evidence of the sales. (*Id.* ¶ 5.) Defendant Dress Barn acquired these finished garments from Defendant B&Y Fashion, a wholesale garment company. (Burroughs Decl. Ex. 6, ECF No. 29.) Defendant B&Y Fashion acquired

---

[1] Defendants argue that this fact is disputed to the extent that it is derived from evidence lacking in foundation. (Response to Plaintiff's SUF ¶ 17, ECF No. 30.) However, the statement that Plaintiff's sold 89,145 yards of fabric *has* foundation: it is supported by Plaintiff's business records. (Burroughs Decl. Ex. 7 at 12, ECF No. 29.)

these finished garments from Vietnamese producer, Trinh Vuong Company Limited ("Trinh"). (*Id.*, Ex. 5)

After discovering the blouses on Defendant Dress Barn's website, Plaintiff determined that it had not supplied the fabric comprising the garments. (*Id.* ¶ 5.) On June 26, 2015, Plaintiff sent a cease and desist letter to Defendant B&Y Fashion. (Burroughs Decl. Ex. 3, ECF No. 26.) On October 28, 2015, Plaintiff filed the instant lawsuit for copyright infringement. (ECF No. 1.)

The pending motion for partial summary judgment was filed on October 17, 2016. (ECF No. 26.) Defendants filed their opposition on October 24, 2016. (ECF No. 30.) Plaintiff filed its reply on October 31, 2016.[2] (ECF No. 32.) Hours after Defendants submitted their opposition, Plaintiff sent additional document production to Defendants via email. (*See* Reply, Ex. 10 at 67–241.) Included in this production were sales records for the relevant fabric design. (*Id.*) One of the records indicates that Plaintiff sold a quantity of the relevant fabric to an entity named Byer California. (*Id.* at 199.) This fabric was shipped to Byer's manufacturer, Apple Fashion, in Ho Chi Minh City, Vietnam, the same city where Trinh is located. (*Id.*) Because these documents were only provided to Defendants after they submitted their opposition, the Court allowed Defendants an additional forty-five days of discovery to ascertain whether there was any link between manufacturer, Apple Fashions, and Trinh. (ECF No. 36.)

Defendants deposed Plaintiff's person most knowledgeable, its president, Jacob Zakaria, on January 4, 2017 (the final day of the supplemental discovery period), but otherwise did not take additional measures to uncover a link between Apple and Trinh. (Cabanday Decl., Ex. A, ECF No. 40.) Defendants submitted a report

---

[2] The Court has not considered the evidence attached to Plaintiff's reply with the exception of the business records that formed the basis of Defendants' request for additional discovery. (*See* Reply, Ex. 10 at 67–241); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (finding that as a general matter, evidence submitted with a reply should not be considered).

outlining their additional discovery on January 11, 2017. (ECF No. 39.) Plaintiffs filed a responsive brief on January 18, 2017. (ECF No. 42.)

## III. LEGAL STANDARD

A motion for summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). There is a genuine issue of material fact when the evidence is such that a reasonable jury could find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

The moving party bears the initial burden of pointing out that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "However, if the nonmoving party bears the burden of proof on an issue at trial, the moving party need not produce affirmative evidence of an absence of fact to satisfy its burden." *St. Paul Fire & Marine Ins. Co. v. Fort Vancouver Plywood Co. (In re Brazier Forest Prods., Inc.)*, 921 F.2d 221, 223 (9th Cir. 1990) (citation omitted). Instead, the moving party "may simply point to the absence of evidence to support the nonmoving party's case." *Id.*; *see also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) (holding that a moving party that does not carry the burden of proof at trial can make the initial *Celotex* showing by "pointing out through argument—the absence of evidence to support [the nonmoving party's] claim.").

After the moving party meets its initial burden of showing that there is an absence of evidence to support the nonmoving party's case, "the nonmoving party must then make a sufficient showing to establish the existence of all elements essential to their case on which they will bear the burden of proof at trial." *St. Paul Fire*, 921 F.2d at 223. The nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but must provide affidavits or other sources of evidence that set forth specific facts showing that there is a genuine issue for trial."

4

*Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). Evidence and the inferences therefrom will be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Valandingham v. Bojorquez*, 866 F.2d 1135, 1137 (9th Cir. 1989).

## IV. DISCUSSION

### A. COPYRIGHT INFRINGEMENT

To establish copyright infringement, a plaintiff must prove: (1) ownership of a valid copyright; and (2) infringement. *See Acmet, Inc. v. Wet Seal, Inc.*, No. CV1400048TJHAJWX, 2015 WL 10939901, at *1 (C.D. Cal. May 12, 2015) (citing *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012)).

### 1. Ownership

Plaintiff first moves for summary judgment on the issue of ownership. (Mot. 4.) Valid registration with the copyright office shall serve as prima facie evidence of ownership. 17 U.S.C. § 410(c). Procedurally, this means that when a party establishes valid registration it is presumed to own the copyright. *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 466 F. App'x 590, 591 (9th Cir. 2012). The presumption may be rebutted with evidence of fraud on the copyright office or evidence that the work does not possess the requisite level of originality. *See United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1259 (9th Cir. 2011); *see also Express, LLC v. Fetish Grp., Inc.*, 424 F. Supp. 2d 1211, 1217 (C.D. Cal. 2006). In the absence of evidence to rebut the presumption, a plaintiff has established ownership. *ITC Textile, Ltd. v. Wal-Mart Stores, Inc.*, 606 F. App'x 356, 357 (9th Cir. 2015).

Plaintiff has submitted an uncontested registration certificate from the copyright office for the work in question. (Zakaria Decl. Ex. 1.) Based on this evidence, Defendants concede ownership. (Opp'n 5.) Therefore, Plaintiff is entitled to summary judgment on the issue of ownership.

### 2. Infringement

Infringement itself involves a two-part test: (1) whether the alleged infringer had access to the work and (2) whether the infringing work is substantially similar to the copyrighted work. *L.A. Printex*, 676 F.3d at 846.

### a. Access

Proof of access requires an opportunity to view or copy the work. *Id.* This element may be satisfied using direct or circumstantial evidence such as a chain of events linking the plaintiff's work with the defendant's access or by showing widespread dissemination of the plaintiff's work. *See Star Fabrics, Inc. v. Target Corp.*, No. CV 10-07987 DDP AGRX, 2011 WL 4434221, at *2 (C.D. Cal. Sept. 22, 2011) (citing *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009)). Alternatively, access may be established by showing a "striking similarity," in essence that the protected work and the infringing work are so similar that copying can be the only reasonable explanation for the similarity. *Acmet,* 2015 WL 10939901, at *2 (citing *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000)).

Here, access is established by striking similarity. The fabric incorporated into Defendants' garments is so similar to Plaintiff's copyrighted work that it could not possibly have been the product of independent creation. The design at issue is highly original in that it is a random collection of shapes and patterns without any attempt to imitate real life images such as flowers or animals. As the work is not based on recognizable objects but rather on an arbitrary, abstract design, the level of similarity is both surprising and telling.

Going from top to bottom, Plaintiff's work features five half-moon shaped objects bisected by three lines. Below this motif is a jagged line with five inset dots. Under this jagged line is a tree-like structure with an inset fourteen-sided geometric shape in its canopy. Below the canopy of the tree-like structure are two eye-like structures each with a black inset geometric design. Underneath the base of the tree-like structure is an upside-down pyramid. Below this pyramid are two squares.

1  Beneath these squares are three broken lines.  Flanking either side of the tree-like
2  structure's canopy is a single diamond surrounded by smaller dots.  Flanking the
3  middle section of the tree-like structure are three diamonds extending horizontally.
4  Below these diamonds are two long wavering lines that span the remainder of the
5  design.  Inside of these lines, below the tree-like structure's base, on either side of the
6  pyramid-like structure, is a geometric symbol followed by three descending diamonds.



**Defendants'**                                                                                           **Plaintiff's**

The fabric design incorporated into Defendants' garments has *all* the structural elements of Plaintiff's protected design.  The only discernable differences between the allegedly infringing design and the protected design are that the jagged line in the allegedly infringing design appears to be slightly more textured and worn, and the wavering lines in the allegedly infringing design appear to be slightly less defined. These details are insignificant in light of the complexity of the design and are only perceptible with significant scrutiny.  *See L.A. Printex*, 676 F.3d at 852 ("[A] copyright defendant need not copy a plaintiff's work in its entirety to infringe that work.  It is enough that the defendant appropriated a substantial portion of the plaintiff's work.")

The spacing between the structural elements and the distressed nature of the print in both the protected design and the allegedly infringing design are also similar,

giving the works the same overall concept and feel. In sum, the protected design and the allegedly infringing design are so similar that copying can be the only logical explanation. Accordingly, Plaintiffs are entitled to summary judgment on the issue of access.

### b. Substantial Similarity

To establish substantial similarity, the Court must apply both the extrinsic and intrinsic tests. The extrinsic test is an objective comparison of specific expressive elements; it focuses on the articulable similarities between the two works. *Id.* The intrinsic test is a subjective comparison that focuses on whether a reasonable person would find the works substantially similar in total concept and feel. *Id.*

Summary judgment on the issue of substantial similarity has traditionally been disfavored. *Spectravest, Inc. v. Mervyn's Inc.*, 673 F. Supp. 1486, 1492 (N.D. Cal. 1987). That being said, in instances where the "works are so overwhelmingly identical" that "no ordinary observer or reasonable juror could fail to conclude that the works are substantially similar" a court may nonetheless grant summary judgment. *Star Fabrics*, 2011 WL 4434221, at *3; *Twentieth Century-Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1330 (9th Cir. 1983).

The extrinsic test involves analyzing the individual elements of a design for substantial similarity. *L.A. Printex*, 676 F.3d at 848. As described above in the striking similarity analysis, the structural elements of the fabric incorporated in Defendants' garments and the structural elements of the protected design are effectively the same. Further, Defendants have failed to identify in their opposition or present any evidence of specific elements that meaningfully differentiate the fabric design incorporated into their garments from Plaintiff's protected design.

The intrinsic test examines the designs in their totality through the eyes of a "reasonable" person. *Id.* at 852. As described above in the striking similarity analysis, the total concept and feel of the designs is the same. The positioning and layout of the individual elements of the design, the spacing between those elements,

1  the distressed nature of the print, and the Aztec-centric theme are "overwhelmingly
2  identical." *See Twentieth Century–Fox*, 715 F.2d at 1330. Therefore, the Court finds
3  Plaintiff is entitled to summary judgment on the issue of substantial similarity.

**B. Defenses**

    **1. FIRST SALE DEFENSE**

        **a. Background**

Liability for copyright infringement is not limited to the direct copier; a buyer who in good faith (or bad faith) buys an infringing work and then resells that work remains liable for infringement. *See* 17 U.S.C. § 106(3) (copyright owner has the right to control initial distribution); 17 U.S.C. § 602 (unauthorized importation also constitutes infringement); 17 U.S.C. § 109(a) (no protection provided for the buyer of a copy unlawfully made); *United States v. Liu*, 731 F.3d 982, 988 (9th Cir. 2013) ("In a civil suit, liability for copyright infringement is strict."); *see also* Shyamkrishna Balganesh, *Copyright and Good Faith Purchasers*, 104 Cal. L. Rev. 269, 288–289 (2016). However, the first sale doctrine provides an exception to this downstream liability.

The first sale doctrine is an affirmative defense that allows the owner of "a particular copy" of a protected work that was "lawfully made," to sell or distribute the copy without permission of the copyright holder. *Adobe Sys. Inc. v. Christenson*, 809 F.3d 1071, 1076 (9th Cir. 2015). The first sale doctrine is not applicable where the original "purchaser" of the work merely obtains a license over the copyrighted work rather than full ownership of the copyrighted work. *Id.* at 1078.

The burden is traditionally on the party asserting the defense to produce evidence sufficient to sustain that defense at trial. *Id.* The Ninth Circuit has found that the first sale doctrine is a defense like any other and therefore the burden should be on the infringing party to establish the defense at trial. *Id.* at 1079.

### b. Application

Here, Defendants claim that it is likely Trinh obtained the fabric legally from Plaintiff, and thus as downstream buyers of finished garments incorporating that fabric, they are protected by the first sale defense. (Opp'n 7.) As the burden is on the non-movant in this instance to establish the defense at trial, the first question is whether Plaintiff has pointed out "to the district court–that there is an absence of evidence to support the nonmoving party's case." *Novelty Textile Inc. v. Wet Seal Inc.*, No. CV1305527SJOMRWX, 2014 WL 10987396, at *2 (C.D. Cal. Sept. 9, 2014) (citing *Celotex*, 477 U.S. at 325.)

Plaintiff has clearly and definitively met its initial burden. Plaintiff has broadly indicated in its motion for summary judgment that Defendants' defenses, including the first sale defense, are "frivolous" and "conclusively fail." (Mot. 14–15.) Addressing the first sale defense specifically, Plaintiff asserts in its motion that the evidence "reflects that Standard never abandoned its rights nor did it provide Defendants consent, implied license, or authorization to use the Subject design *in any way*." (Mot. 15.) (emphasis added). Plaintiff is even clearer in its reply "[t]here is no evidence in the record to support the affirmative defense of first-sale doctrine." (Reply 4.) Plaintiff reiterates several more times throughout the reply that "Defendants do not, and cannot, offer any evidence to support any of the requisite elements to prove a first sale defense." (*Id.*) This identification of an absence of facts to support a lawful first sale is sufficient to shift the burden to Defendants to provide extrinsic evidence of a lawful first sale. *See Novelty Textile Inc.*, 2014 WL 10987396, at *2 (citing *Celotex*, 477 U.S. at 325); *Adobe*, 809 F.3d at 1079.

Defendants have not met their burden to show a genuine dispute of fact as to the fabric's lawful acquisition. Defendants appear to make two distinct arguments (1) that Trinh itself acquired the fabric from Plaintiff and/or (2) that Trinh acquired the fabric legally from one of Plaintiff's customers. (*See generally* Opp'n 7; Discovery Report 2–3, ECF No. 39.)

The Court turns first to the question of whether there is any evidence that Plaintiff sold the relevant fabric directly to Trinh. Plaintiff's records do not show any fabric sales to Trinh and Plaintiff's president, Jacob Zakaria, testified that Plaintiff never sold any of the relevant fabric to Trinh. (Reply, Ex. 10, 67–241; Zacaria Dep. 29:3–29:9, ECF No. 40.) Defendant has not produced any evidence to suggest otherwise. Therefore, that avenue is definitively foreclosed.

The Court next turns to the question of whether another legitimate purchaser of the relevant fabric could have sold the fabric to Trinh. After thoroughly reviewing the record, the only apparent link between any legitimate purchaser and Trinh is that Byer California's manufacturer, Apple Fashion, and Trinh both happen to be located in Ho Chi Minh City, Vietnam. (Burroughs Decl., Ex. 5 at 1, ECF No. 29; Reply, Ex. 10 at 199.) This connection, by itself, is insufficient to raise a genuine issue of fact.

Defendants argue in their January 11, 2017 discovery report that they would have uncovered a link between legitimate purchasers of the relevant fabric and Trinh if Zakaria had been properly prepared for his person most knowledgeable deposition. (Discovery Report 1–2.) Specifically, Defendants argue that Zakaria should have independently investigated "whether Apple and Trinh were related" and investigated generally whether "[Plaintiff's] customers sold fabric to B&Y." (*Id.* at 1.)

The Court does not find such preparatory measures are required by Rule 30(b)(6). Under this subsection, the deponent in a person most knowledgeable deposition need only be prepared to testify about information known or *reasonably* known to *the corporation*. Fed. R. Civ. P. 30(b)(6). Courts have generally interpreted this to mean that the deponent must review the corporation's records and any previous deposition materials. *Great Am. Ins. Co. of N.Y. v. Vegas Const. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008); *Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008); *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 37 (D. Mass. 2001). In other words, the deponent, with the

corporation's assistance, must conduct a robust *internal* investigation of the topics contained in the deposition notice to prepare for the deposition.

However, the Court is unaware of any case requiring the deponent to conduct an *external* investigation into the activities of unrelated[3] third parties in preparation for a person most knowledgeable deposition. Such information cannot be considered "reasonably known" to the corporation. Fed. R. Civ. P. 30(b)(6).

It is valuable to step back and objectively consider exactly what Defendants' proposed investigations would require of Plaintiff. Defendants suggest that Plaintiff should have conducted an investigation into the relationship between one of its customer's manufacturers (Apple Fashion), and a Vietnamese company with which it appears to have no prior dealings (Trinh). (Discovery Report 1–2.) Defendants next suggest that Plaintiff should have conducted an investigation into each of the approximately one hundred legitimate purchasers of the relevant fabric to determine whether they "sold fabric to B&Y." (*Id.*; *see also* Burroughs Decl. Ex. 7, ECF No. 29; Reply, Ex. 10 at 67–241.) These proposed investigations extend well beyond what Rule 30(b)(6) requires and impermissibly shift Defendants' discovery responsibilities to Plaintiff.

In summary, Defendants have not met their burden to show lawful acquisition. The Court allowed Defendants forty-five days of supplemental discovery to explore a relationship between Apple Fashion and Trinh. (ECF No. 36.) Despite the fact that Defendants have Apple Fashion's contact information and maintain a business relationship with Trinh, there is no evidence they so much as contacted either entity. (Reply, Ex. 10 at 199.) Further, Defendants' person most knowledgeable deposition did not yield any new information of relevance. Based on these facts, the Court sees

---

[3] The only instance in which some courts have required a deponent to have knowledge of a third party's activities is where the third party is a parent or subsidiary the deponent's corporation. *See, e.g., Murphy v. Kmart Corp.*, 255 F.R.D. 497, 509 (D.S.D. 2009). In this instance, Plaintiff's customers, Apple Fashion, and Trinh are not parents or subsidiaries of Plaintiff.

no reason to allow for an additional supplemental discovery period.[4] Plaintiff is entitled to summary judgment on the first sale defense.

### 2. OTHER AFFIRMATIVE DEFENSES

Defendants have also failed to produce any evidence in support of their defenses for failure to state a claim, latches, waiver, unclean hands, estoppel, lack of originality, invalidity of copyright registration, limitations on relief, fair use, statute of limitations, copyright misuse, and litigation and settlement privileged.[5] (Answer ¶¶ 36–48, ECF No. 11.) These defenses are completely unsupported by the evidence of record. The Court finds Plaintiff is entitled to summary judgment on those defenses. The Court will not however, grant Plaintiff summary judgment on the "defenses" of failure to mitigate and innocent infringement as these "defenses" relate to damages, an issue not addressed in the pending motion.

Lastly, Defendants appear to argue for a license defense in their opposition. (Opp'n 2–4.) However, Defendants did not raise this defense in their answer. (Answer ¶¶ 36–48.) Therefore, they may not raise it now in their opposition. *See* Fed. R. Civ. P. 8(c) (indicating that the affirmative defense of license must be raised in an answer); *Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110, 1114 (9th Cir. 2000) (finding that a license defense must be plead in answer). Further, as Plaintiffs point out, there is no evidence to suggest that Trinh, Defendant B&Y Fashion, or Defendant Dress Barn possessed a license. (Reply 9–10.)

### V. CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's motion as to infringement and the Defendants' defenses for failure to state a claim, latches, waiver, unclean hands, estoppel, lack of originality, invalidity of copyright registration,

---

[4] Less discussed by the parties, but no less important to the first sale defense analysis, is Zakaria's testimony that Defendant Dress Barn sold a "colorway" or color combination of the relevant fabric that Plaintiff never manufactured. (Zakaria Dep. 18:7–18:12.) This fact, which Defendants have not made any attempt to explain, would seemingly make it impossible that legitimate fabric sold by Plaintiff was used to manufacture Defendants' garments.

[5] Defendants do not even discuss these affirmative defenses in their opposition.

limitations on relief, fair use, statute of limitations, copyright misuse, and litigation and settlement privileged. The Court **DENIES** summary judgment as to Defendants' "defenses" for failure to mitigate and innocent infringement, which relate to damages, an issue not addressed in the pending motion. The Court also **GRANTS** Plaintiff's application to file its business records under seal. (ECF No. 28.)

**IT IS SO ORDERED.**

January 19, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**